The mother and custodian of a minor female child, age twelve, brought a petition alleging a need for the immediate protection of the child under § 12-15-30 (c)(1)a, Code of Alabama 1975. The premise of the petition was that the Chancery Court of Hines County, Mississippi, had recently modified a divorce decree granted by it in 1978. Such modification, entered upon the petition of the father, provided certain specific times and circumstances for the exercise of the visitation privileges of the father with his daughter. The judgment of modification is presently on appeal by the mother before the Supreme Court of Mississippi. The mother and her minor daughter are residents of Jefferson County, Alabama. The mother, claiming possible harm to the child from her compliance with the Mississippi decree, asks the Jefferson County Court to protect her under its emergency powers from the Mississippi judgment.
The Jefferson County Juvenile Court, acting upon motion of the father, dismissed the petition for want of jurisdiction under the Federal Parental Kidnapping Prevention Act of 1980 (28 U.S.C. § 1738A).
The Federal Parental Kidnapping Prevention Act of 1980,28 U.S.C. § 1738A (PKPA) and its state corollary, the Alabama version of the Uniform Child Custody Jurisdiction Act (UCCJA) enacted in 1980, prohibit Alabama courts in this case from modifying the Mississippi court's child custody determination unless Alabama courts have jurisdiction and the Mississippi courts either no longer have jurisdiction or have declined to exercise jurisdiction. The Mississippi courts obviously have not declined to exercise jurisdiction. Therefore, Alabama courts are not allowed to modify the custody order of the Mississippi court under the federal act. Pitts v. Sutter,408 So.2d 105 (Ala.Civ.App. 1981), cert. denied, 408 So.2d 114
(Ala. 1982).
The mother asserts in brief that a protective order issued under § 12-15-30 (c)(1)a is not a modification of a custody determination under the PKPA. The PKPA in subsection (b)(5) defines modification as a custody determination which modifies, replaces, supersedes or otherwise is made subsequent to, a prior custody determination concerning the same child, whether made by the same court or not. Subsection (b)(3) defines a custody determination as a judgment, decree, or other order of a court providing for custody or visitation of a child, and includes permanent and temporary orders, and initial orders and modification.[1] The petition filed by the mother and the exhibits before the court not only fail to show the necessary basis for the assumption and exercise of jurisdiction of the juvenile court under § 12-15-30 (c)(1)a, but very clearly show the purpose of the petition to be the blocking or thwarting of a properly entered judgment of a court of general jurisdiction of a sister state. Such judgment is due statutory full faith and credit in this state. 28 U.S.C. § 1738A (PKPA). It is additionally entitled to recognition and enforcement under our own statute (UCCJA) § 30-3-33, Code 1975.
Section 30-3-23 (a)(3) (UCCJA) and § 8 (c)(2)(C) of PKPA each contain similar provisions as those of § 12-15-30 (c)(1)a. Such provision in our UCCJA act is as follows: *Page 702 
 "§ 30-3-23 (a)(3) — A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if
". . .
 "(3) The child is physically present in the state and:
"a. The child has been abandoned; or
 "b. It is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent."
The provisions of PKPA are almost identical to the above. It is evident that it was anticipated in both federal and state statutes that emergency circumstances as defined might arise which required immediate protection of a court of the state where the child was at the time. The provisions of UCCJA following that above quoted, clearly indicate that if there are then simultaneous proceedings in another state with jurisdiction, this state shall not exercise its jurisdiction without first consulting with the court where such matters are pending in the other state. § 30-3-26, Code 1975.
Whether the petition is filed as here or under UCCJA, there must be pleading and proof that a defined emergency exists requiring the protection of the child by the courts of this state as opposed to the courts of another state where there is an order in force. We find the trial court correctly found that there was no basis for invoking its emergency jurisdiction. Such finding was proper and in accord with the PKPA and UCCJA.
It was also proper under § 12-15-30 (c)(1)a for the reason that there was shown no emergency sufficient to invoke its jurisdiction. The mother's proper forum for relief is the Mississippi court.
The contention of the mother that 28 U.S.C. § 1738A (PKPA) violates the tenth amendment if it prohibits this state from protecting children within its boundaries from abuse is not well taken. We have above shown that there is no such prohibition in the Act. The provisions of the Act expressly provide to the contrary.
The Juvenile Judge of Jefferson County was emminently correct in not permitting the court to be used to circumvent the judgment of the Mississippi court.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.
[1] The UCCJA provides substantially the same definition in § 30-3-22, Code of Alabama 1975.